IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| WD-1 Associates, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 9:17-cv-2218-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Calvert Retail, L.P., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on WD-1 Associates, LLC's motion to seal (ECF No. 6). WD-1 Associates asks the Court for permission to file a partially redacted complaint and to file, under seal, a lease agreement that is referenced in the complaint and attached to it as an exhibit.

A party wishing to file a document under seal must first obtain this Court's approval. *See* Local Civ. Rule 5.03 (D.S.C.). WD-1 Associates did not follow that "mandatory procedure." *Id.* Instead, on August 18, 2017, it filed a partially redacted complaint that omitted the lease as an exhibit. It then filed its motion to seal five days later. "Failure to obtain prior approval . . . shall result in summary denial of any request or attempt to seal filed documents." *Id.* Therefore, the Court WD-1 Associates' motion is **DENIED**.[1] Within five days of this order, WD-1 shall file an unredacted copy of the complaint that includes the lease.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**August 24, 2017**
**Charleston, South Carolina**

---
1. Even if Local Civil Rule 5.03 did not mandate denial, the Court would still deny WD-1 Associates' motion. The sole relief WD-1 Associates seeks here is a declaratory judgment regarding the parties' rights and obligations under the lease. WD-1 Associates wants the complaint redacted, and the lease sealed, because the lease contains a confidentiality provision and because it purportedly contains economically sensitive information. The Court has previously found such grounds fail to rebut the common-law presumption of public access to court proceedings. *See GDMB Operations LLC v. Grande Dunes Dev. Co.*, No. 2:17-cv-585-PMD, slip op. (D.S.C. Mar. 15, 2017); *Higdon v. Nestle Purina Petcare Co.*, No. 8:14-cv-3737-HMH, 2014 WL 12613270, at *1 (D.S.C. Oct. 10, 2014). So too here.